# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| RAAFAT MOHAMMADKHANI, ) | |
|  ) | |
| Plaintiff, ) | CASE NO. : CV-S-02-0095-KJD-LRL |
|  ) | CASE NO. : CV-S-02-0965-KJD-LRL |
| vs. ) | |
|  ) | |
| JAMES M. ANTHONY, ) | |
|  ) | |
| Defendant. ) | |
| _____ ) | |
| RAAFAT MOHAMMADKHANI, ) | |
|  ) | |
| Plaintiff, ) | **ORDER** |
|  ) | |
| vs. ) | |
|  ) | |
| COUNTY OF CLARK, a political ) | |
| subdivision of the State of ) | |
| Nevada, dba UNIVERSITY ) | |
| MEDICAL CENTER, ) | |
|  ) | |
| Defendants. ) | |
| _____ ) | |

Presently before the Court is Defendant's Motion for a Judgment as a Matter of Law (#185) and Motion for Judgment after Trial (#202). The Court has also considered Plaintiff's Opposition (#209 and #210) and the Reply (#234).

## ANALYSIS

Rule 50 of Federal Rules of Civil Procedure permits a federal trial court to remove cases or issues from a jury's consideration when the facts are sufficiently clear that the law requires a particular result. <u>Weisgram v. Marley Co.</u>, 528 U.S. 982 (1999). Judgment as a matter of law may be granted only where the evidence viewed in a light most favorable to the nonmoving party permits only one reasonable conclusion, and that conclusion is contrary to the jury's verdict. <u>Wallace v. City of San Diego</u>, 460 F.3d 1181, 1188 (9th Cir. 2006)(citing <u>McLean v. Runyon</u>,

1  222 F.3d 1150, 1153 (9th Cir. 2000).  All reasonable inferences are drawn in favor of the non-
2  moving party.  Johnson v. Paradise Valley Unified School Dist., 251 F.3d 1222, 1227 (9th Cir.
3  2001).  However, the non-movant must put forth more than a mere scintilla of evidence
4  suggesting that reasonable minds could reach differing verdicts.  Abel v. Dubberly, 210 F.3d
5  1334, 1337 (11th Cir. 2000).

6  Looking at the facts in a light most favorable to the non-movant, Plaintiff, the Court finds
7  that Plaintiff's claim of gender discrimination based on hostile work environment, although
8  thinly supported, should be resolved by an impartial jury.  Resolving issues of credibility and
9  determining whether facially neutral conduct was motivated by discriminatory animus are
10 questions of fact to be resolved by a jury.  See O'Shea Yellow Tech. Servs., Inc., 185 F.3d 1093,
11 1097 (10th Cir. 1999).

12 However, with respect to the claim against University Medical Center for retaliation, the
13 Court finds that Defendant is entitled to judgment.  Plaintiff has failed to demonstrate that her
14 transfer from Craig UMC Quick Care to Nellis UMC Quick Care was an adverse employment
15 action, that it was causally related to the complaints regarding the conduct of Dr. Anthony, or that
16 UMC's reasons for her transfer were pretext.

17 Plaintiff argues that the transfer was adverse because it involved longer travel time and
18 she encountered higher acuity patients and safety issues at the new location.  However, Plaintiff
19 did not adduce any evidence to support her claim that there are "safety" issues at Nellis that did
20 not also exist at Craig.  Likewise, she did not adduce any evidence that patients at Nellis are
21 higher acuity than those at Craig.  Even accepting her own subjective and unsupported opinions
22 regarding the "safety" and "acuity" issues, she testified that she enjoyed working with  higher
23 acuity patients who also meant more income to her because of the bonus structure in place.  She
24 also testified she enjoyed her work schedule at Nellis and called it a "win-win" situation as far as
25 she was concerned.  With respect to the additional commute time, she testified it gave her more
26 time to see and speak with her husband which she considered to be a benefit due to their
27 otherwise disparate schedules.  Also, being allowed to work 16 hour shifts at Nellis gave her the
28

opportunity to work other quick cares more distant than Nellis, during her off days, benefits she considered to be positive aspects of the transfer.

Plaintiff asserts that the short time it took for UMC to respond to her complaint against Anthony demonstrates that the transfer was retaliatory.  However, a transfer to avoid trouble between a supervisor and employee is not an adverse employment action.  See Steiner v. Showboat Operating Company, 25 F.3d 1459 (9th Cir. 1994).  See also, Nidds v. Schindler Elevator Corp., 113 F.3d 912, 919 & n.3 (9th Cir. 1997) in which the Court refused to view a transfer to a different department as an adverse employment action and declined to characterize an employee's subjective loss of job satisfaction as an adverse employment action.  In this case, Plaintiff retained the same job duties and responsibilities, was not demoted or terminated, was not suspended or denied a raise or position bonuses.  The prompt action following her complaint against Dr. Anthony demonstrates, at most, a transfer to avoid trouble between a supervisor and an employee.  See, Steiner, supra.

Even assuming that Plaintiff's transfer could be considered an adverse employment action, she did not demonstrate a causal connection between the transfer and her complaints against Dr. Anthony.  She first complained regarding the evaluation she perceived to be "negative" in May of 2001.  She was transferred to the Nellis Quick Care in October of 2001.  Only after complaining to Joe Dylag that numerous people at the Craig Quick Care facility were conspiring against her was she transferred.  Mr. Dylag testified that he investigated her complaints and determined they were without merit, however, because she was a valued employee, the transfer was made to benefit her and to make her work environment better, a fact Plaintiff acknowledged in her trial testimony.

Further, assuming that Plaintiff could prove retaliation, UMC's legitimate non-retaliatory reasons for its conduct were not controverted.  UMC stated that it transferred Plaintiff to Nellis Quick Care to reduce a physician shortage at that location.  The evidence showed that physicians at Nellis were having to work overtime to cover the clinic's hours of operation.  UMC also gave as a reason for the transfer, Plaintiff's concerns that the staff at Craig were plotting her demise.  During trial, she testified that approximately nine out of the fifteen employees at Craig were

aligned against her.  There was no evidence other than speculation on her part that her complaints of harassment from Dr. Anthony were a motivating factor in UMC's decision to transfer her.  She was not able to show that UMC's legitimate non-retaliatory reasons for the transfer were pretextual.  As stated, she was not demoted, terminated or penalized in any way, except for the inconvenience of additional travel, which standing alone, is insufficient to establish an adverse employment action.  Plaintiff continued to work at Nellis Quick Care through the time of trial, a period of over 4 years and adduced no evidence that UMC's stated reasons for the transfer were pretextual.

## CONCLUSION

Defendant's Rule 50 Motion (#185 and #202) is **GRANTED IN PART AND DENIED IN PART**.  Judgment as a matter of law is entered in favor of Defendant and against Plaintiff on the Plaintiff's claim for retaliation against University Medical Center.  In all other respects, the Motion is **DENIED**.

DATED:  November 30, 2006

_____
KENT J. DAWSON
UNITED STATES DISTRICT JUDGE