UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| RAAFAT MOHAMMADKHANI, ) | |
| ) | |
| Plaintiff, ) | CASE NO. : 2:02-cv-00095-KJD-LRL |
| ) | CASE NO. : 2:02-cv-00965-KJD-LRL |
| vs. ) | |
| ) | |
| JAMES M. ANTHONY, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |
| ) | |
| RAAFAT MOHAMMADKHANI, ) | |
| ) | **ORDER** |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| COUNTY OF CLARK, a political ) | |
| subdivision of the State of ) | |
| Nevada, dba UNIVERSITY ) | |
| MEDICAL CENTER, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

    Presently before the Court is Defendants' Motion for Fees and Costs (#323). Plaintiff filed an Opposition (#325) to which Defendants Replied (#326). Also before the Court is Plaintiff's Motion to Retax Costs (#329), to which Defendants filed an Opposition (#331), and Plaintiff filed a Reply (#332).

    Defendants filed their Bill of Costs (#322) on January 7, 2010. In filing that document, the Court Clerk noted electronically that objections would be due January 25, 2010. However, Defendants' Bill of Costs was submitted on a form other than that authorized by the Clerk of the Court for electronic filing and taxation of costs. Accordingly, on January 14, 2010, the Clerk notified Defendants to re-file the Bill of Costs using the Court's electronic filing version for a bill of costs. Thereafter, on February 4, 2010, Defendants filed a second Bill of Costs (#327) utilizing the form provided by the Clerk.

Pursuant to Local Rule 54-13, objections to a bill of costs are due 10 days from the date of service. Pursuant to F.R.Civ.P. 54 (d)(1), the clerk may tax costs on 14 days notice. Counsel for Plaintiff did not file his objections until February 22, 2010. Receiving no timely objection to the first-filed bill of costs, the Deputy Clerk, on February 16, 2010, taxed costs against Plaintiff for $57,694.58, the full amount requested (#328). Counsel for Plaintiff asserts that the notice accompanying the second bill of costs "indicated that objections were due by February 22, 2010". Plaintiff responded to the second-filed bill of costs on February 22, 2010. Local Rule 54-14 and F.R.Civ.P. 54, allow for a motion to retax costs even though objections are not timely filed to a bill of costs. Local Rule R 54-14(b), provides that any motion to retax costs shall be decided upon the same papers and evidence submitted to the clerk.

Having reviewed Defendants' Bill of Costs (#327/328) and having considered Plaintiff's Motion to Retax Costs (#329) and the objections contained therein, the Court grants Plaintiff's Motion to Retax, in part, and denies in part, as hereinafter set forth.

Postage, legal research, fax, long distance and pacer charges are re-taxed for the reason that such are either not taxable under local rules or, by custom, are more properly considered as a component of attorney fees. Expert witness fees are not taxable in a greater amount than statutorily allowable for ordinary witnesses. LR54-5(c). Travel expenses of counsel to attend a deposition are not taxable as costs. LR54-4. Fed Ex costs are not sufficiently itemized and therefore re-taxed. Photocopies may be taxable under some circumstance to the extent sufficiently documented. Plaintiff suggests that copy charges be cut substantially, offering that Plaintiff's request for $1200 in copy charges would also be a reasonable amount for Defendants' copy charges in this case. Witness fees are taxable for corporate employees if the witness is not a defendant. LR 54-5(c). The Court finds that, under the circumstances which prevailed in this case, the number of witness summoned by Defendant was reasonable and necessary.

Accordingly, it is ordered that Plaintiff's Motion to Retax is granted in part and denied in part. Costs allowed to Defendants are fees of the Clerk, $150.00, fees for service of summons and subpoenas, $8,497.88, fees of the Court Reporter, $10,216.00, costs for exemplification and copies of papers necessarily obtained for use in the case, $1200.00, depositions, $8,500.01,UPS

charges, $105.60, costs as shown on Mandate of Court of Appeals $322.80, courier $137.00, miscellaneous $632.66, witness fees of $1784.00, and cost of appeal bond, $6,200.00. Total costs awarded are $37,745.95.  Any remaining amounts awarded by way of Defendants' Bill of Costs are retaxed. The Court finds the costs herein allowed, to have been reasonably and necessarily incurred by Defendants in their defense of this action. To the extent that any costs have been retaxed, the Court will consider those in ruling on the remaining motion for attorney fees.

With respect to Plaintiff's request that the Court not award any fees or costs due to her current financial condition, the information she has provided is wholly insufficient for a determination of whether such relief should be granted. Defendant UMC is a reputed to be a publicly funded hospital that has, for years, operated at a large annual deficit. On the other hand, Plaintiff voluntarily left a secure job paying well into six figures to open her own practice. She has not fully disclosed her assets, debts, or her husband's income and assets in which she presumably has a community interest. The Court requires further development of this issue and to that end will permit limited discovery.  Each side will be allowed one deposition, up to five requests for production and up to ten interrogatories regarding the current financial condition of the opposing party. All such discovery shall be noticed and served within 30 days of entry of this order and completed within 60 days of entry of this order. The parties will then have 15 days for submission of simultaneous briefs on the issue of Plaintiff's financial resources and ability to pay fees and costs.

With conclusion of the appellate process, Defendants' proffered reasons for withholding billing detail are moot. Accordingly, Defendants' request for attorney fees is deferred pending submission, within 30 days from the date of this order, documentation sufficiently detailed to permit the Court to determine the number of hours reasonably expended on the litigation or discrete portions of the litigation, and to consider the other factors inherent in determination of an award of reasonable attorney fees to a prevailing Defendant. <u>Miller v. L. A. Cnty. Bd. of Educ.</u>, 827 F.2d 617, 621 (9th Cir. 1987), citing <u>Kerr v. Screen Extras Guild</u>, 526 F.2d 67, 70 (9th Cir. 1975).

## CONCLUSION

Defendants' Motion for Fees and Costs (#322) and Plaintiff's Motion to Retax Costs (#329) are granted in part. Defendants costs are retaxed at $37,745.95, with Plaintiff's request that Defendant bear its own costs and attorney fees deferred awaiting completion of discovery and further briefing as herein provided.

DATED: September 8, 2010

_____
Kent J. Dawson
United States District Judge