# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| RAAFAT MOHAMMADKHANI, | |
| Plaintiff, | CASE NO. : CV-S-02-0095-KD-LAL |
| | CASE NO. : CV-S-02-0965-KD-LAL |
| vs. | |
| JAMES M. ANTHONY, | |
| Defendant. | |
| RAAFAT MOHAMMADKHANI, | |
| Plaintiff, | **ORDER** |
| vs. | |
| COUNTY OF CLARK, a political subdivision of the State of Nevada, dba UNIVERSITY MEDICAL CENTER, | |
| Defendants. | |

Presently before the Court is Defendant's Motion for Fees and Costs (#323). The Court previously retaxed Defendant's costs at $37,745.95 (#333), deferring Plaintiff's request that Defendant bear its own costs and attorney fees pending completion of discovery and further briefing. Subsequently, Defendant filed its memorandum (#336) in support of Plaintiff's ability to pay fees and costs. Plaintiff filed a response (#337) in opposition, to which Defendants replied (#338). Defendant UMC seeks approximately 9% of the attorney fees actually incurred by it in defending the action.

## ANALYSIS

In Christiansberg Garment v. EEOC, 434 U.S. 412 (1978), the Supreme Court held that the Title VII fee shifting statute authorizes an award to prevailing defendants as well as to prevailing plaintiffs. The holding appears to apply to all fee shifting statutes that address a

prevailing "party" without specification. See Hensley v. Eckerhart, 461 U.S. 424, 429 n.2 (1983)( generalizing Christiansberg's holding).  However, an award for a defendant requires more than a showing that the defendant is a prevailing party.  The trial court must also find that plaintiff's suit was "frivolous, unreasonable, or without justification." Christiansberg, 434 U.S. at 421.  It need not find subjective bad faith on the Plaintiff's part. Id.

      The Ninth Circuit Court of Appeals, in its Memorandum Decision (#315), determined that no reasonable jury could find, based on the evidence presented, that Plaintiff met her burden of demonstrating that Defendant UMC's proffered, non-retaliatory reasons for her transfer were pretextual.  The Ninth Circuit further found that, taken in the light most favorable to Plaintiff, the facts alleged by Plaintiff failed to show that Defendant Anthony's conduct violated a constitutional right.  Finally, the Appellate Court found that there is no genuine dispute that Defendant UMC "exercised reasonable care to prevent and correct promptly any sexually harassing behavior" by promulgating and distributing a harassment policy with a "sensible complaint procedure" and that there could be no genuine dispute that Plaintiff "unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendant UMC or to avoid harm otherwise" by failing to report the alleged discrimination to the EOD as mandated by UMC's policy.

      In addition to the findings of the Ninth Circuit Court of Appeals, this Court takes notice of the false allegations asserted by Plaintiff in her Motion to Recuse (#277) after the Court had set aside the jury verdict and ordered a new trial.  Plaintiff falsely stated that the Court's rulings had been decidedly in favor of Defendants, that the Court's rulings were incorrect, that the Court failed to thank the jurors for their service, and made numerous other material misrepresentations.  With reference to the record, the Court determined  Plaintiff's allegations to be false and deceptive (#294).  The motion to recuse was a blatant attempt by Plaintiff to divert attention from the facts of the case and the evidence adduced for the purpose of obtaining another bite at the apple with a presiding officer unfamiliar with the evidence.  The motion to recuse was based upon claims that were not only unsupported but were actually contradicted by the record.  These actions by Plaintiff multiplied the proceedings unnecessarily and were for the sole purpose of

harassment and vexing the Court and the Defendants.  Plaintiff's remarks that she was spending much of her time searching for evidence to build her case and her threat to cut off Defendant Anthony's f*#%ing balls, is clear demonstration of her malicious intent in pursuing the litigation.  One of her own witnesses testified that he had informed Dr. Anthony "you are dealing with Rambo", referring to his impression of Plaintiff and her intemperate response to the perceived negative evaluation by Defendant Anthony.  The evidence demonstrated that Plaintiff was dissatisfied with the performance evaluation she had received from Defendant Anthony, precipitating an exhaustive search for evidence of discrimination.  Being unable to provide direct evidence, Plaintiff resorted to anecdotal incidents that, as stated, did not meet the minimal standards necessary to avoid a directed verdict and the ultimate summary judgment.

Counsel for the Defendants has submitted copies of billings for legal services incurred by Defendant UMC in defense of this action.  The charges are $140 per hour for lead attorneys, and lesser amounts for paralegals.  Defendants' legal expenses total over $564,000.  Defendants request an award of $50,000 in attorney fees , or less than 9% of its actual fees (#323).  Defendants are also requesting payment of taxable costs of $37,745.95, plus non-taxable costs of $19,948.63.

With respect to the reasonableness of the fees, the Court finds that an hourly rate of $140.00 per hour for attorneys of the skill and experience of Defendant's attorneys is reasonable.  The courts of this District have approved fees of $350.00 per hour as reasonable for civil rights litigation.  This Court, having received 394 pages of billings from counsel for Defendant finds that the time extended and the matters addressed were reasonable and necessary in defending this action.

Pursuant to <u>Kerr v. Screen Extras Guild, Inc.</u>, 526 F.2d 67, 70 (9th Cir. 1975), the twelve factors to be considered in a fee award are:

1.  The time and labor required;
2.  The novelty and difficulty of the questions involved;
3.  The skill requisite to perform the legal service properly;
4.  The preclusion of other employment by the attorney due to acceptance of the case;
5.  The customary fee;
6.  Whether the fee is fixed or contingent;
7.  Time limitations imposed by the client or the circumstances;

      8. The amount involved and the results obtained;
      9. The experience, reputation and ability of the attorney;
      10. The undesirability of the case;
      11. The nature and length of professional relationship with the client; and
      12. Awards in similar cases.

This Court finds that a vast amount of time and labor was required in defending the action due to the multiplication of proceedings by Plaintiff. The Court further finds that the novelty and difficultly of the questions involved were such as to reasonably require expenditure of the amount of time shown in Defendant's billing statements. The skill requisite to perform the legal service properly was significant given the need to respond to the vast amount of anecdotal evidence adduced by the Plaintiff. The $140 per hour rate is extremely low in this jurisdiction. The amount of attention to the case precluded counsel from taking other cases due to time limitations for response to numerous motions filed by the Plaintiff. The results obtained were a complete defense verdict. The experience, reputation and ability of the firms representing Defendants are of the highest caliber. When Plaintiff went to the newspaper with her outrageous accusations, Defendant Anthony and UMC were depicted in an extremely negative and false light. The requested award is nominal compared to other cases where there was a complete defense of frivolous, unreasonable and unfounded claims of civil rights violations.

      With respect to Defendant's ability to pay, Plaintiff has a demonstrated earnings ability of over $200,000 per year as a medical doctor. That she has chosen to open a private practice is evidence she believes that the benefits of being her own boss are worth more than the $200,000 per year she was earning. Her income statements show an ability to pay installments and an anticipation that she will be making over $100,000 per year in her second year of practice. There is no claim that Plaintiff's counsel is unable to pay an award of costs and attorney fees as prayed for by Defendants.

      Plaintiff could not have pursued her claim in the manner she did without the cooperation of counsel of like mind. An award of less than one-tenth of the amount of the fees incurred in the defense of the action does little more than to account for defense of the blatant falsehoods that were promulgated by Plaintiff and her attorney in an attempt to maintain an action that ultimately was found by an appellate court to be unreasonable and insupportable. This Court

further finds that the actions of Plaintiff and counsel were malicious and intended to harass the Defendants and others who stood in her way.

Accordingly, the Court awards attorney fees of $50,000, taxed costs already awarded of $37,745.95 and non-taxable costs of $19,948.63, jointly and severally against Plaintiff RAAFAT MOHAMMADKHANI and her attorney, Randall M. Rumph, Esquire.

DATED: March 25, 2011

_____
Kent J. Dawson
United States District Judge